UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN DUNN,
by and through her guardian,
STEPHEN C. ALBERY,

       Plaintiff,

and

JADELLS, INC. d/b/a
HEALTHCALL OF DETROIT, INC.,

       Intervenor - Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendant.
_____/

Case No. 08-12831
Hon. Lawrence P. Zatkoff
Mag. R. Steven Whalen

## ORDER DENYING INTERVENOR-PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter comes before the Court on Intervenor-Plaintiff's ("Intervenor") motion for reconsideration, filed on July 30, 2009 [dkt 44]. In its motion, Intervenor challenges the Court's July 17, 2009, Opinion and Order, in which the Court denied Intervenor's motion for summary judgment. Pursuant to E.D. Mich. L.R. 7.1(g)(2), no response is permitted.

Local Rule 7.1(g)(3) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(g)(3). The same subsection further states, "the movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a

different disposition of the case." *Id.* A defect is palpable when it is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997).

In its summary-judgment motion, Intervenor alleged that it was entitled to recoup personal protection insurance benefits from Defendant because (1) the charges were reasonable, (2) they were reasonably necessary, and (3) they were incurred. *See Nasser v. Auto Club Ins. Ass'n*, 457 N.W.2d 637, 644 (Mich. 1990). The Court denied Intervenor's motion primarily because the Court could not "rule as a matter of law whether [Intervenor's] services are reasonably necessary relative to Plaintiff's medical condition." In its present motion, Intervenor contends that the Court's Opinion and Order contained a palpable defect because it failed "to separately consider the rates element of [Intervenor's] claim and Defendant's total lack of evidentiary support." Intervenor notes that it produced an expert report on the reasonableness of rates, which concluded that Intervenor's rates were reasonable. Intervenor argues that Defendant responded to its motion and expert report with "nothing but bare allegations," which are insufficient to defeat a summary-judgment motion.

The Court noted in its Opinion and Order that "the question of whether expenses are reasonable and reasonably necessary is generally one of fact for the jury." *Nasser*, 457 N.W.2d at 647. Although Intervenor's expert report concludes that its skilled nursing rate is reasonable, its home-health-aide care rate is reasonable, and that its occupational therapy rate is reasonable, there remains a question of fact as to what services Intervenor was actually providing. Defendant alleges that Intervenor was charging for what amounted to "recreational transportation" and house-cleaning services, among other allegations. Intervenor's expert report does not address the possibility that the services provided were not, in fact, skilled nursing or occupational therapy. Given the looming

questions of fact regarding (1) what services Intervenor provided and (2) whether such services were reasonably necessary, the Court cannot conclude as a matter of law that Intervenor's rates are reasonable. In addition, Intervenor's motion does not establish a "palpable defect by which the court and the parties have been misled." For these reasons, Intervenor's motion for reconsideration is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: August 10, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 10, 2009.

S/Marie E. Verlinde
Case Manager
(810) 984-3290