UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN DUNN, a legally incapacitated individual,
by and through her guardian
STEPHEN C. ALBERY,

                Plaintiff,

and

JADELLS, INC., a Michigan corporation, d/b/a
HEALTHCALL OF DETROIT, INC.,

                Intervenor-Plaintiff,

   vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an Illinois insurance
corporation,

                Defendant.

Case No. 08-cv-12831
Hon. Lawrence P. Zatkoff
Mag. Judge R. Steven Whalen

_____/

| | |
|---|---|
| James L. Spagnuolo, Jr. (P60126)<br>Freedman & Herskovic, PLC<br>3000 Town Center Drive, Suite 1250<br>Southfield, Michigan 48075<br>(248) 356-2010<br>Attorneys for Plaintiff | James F. Hewson (P27127)<br>Elaine M. Sawyer (P56494)<br>Hewson & Van Hellemont, PC<br>25900 Greenfield Road, Suite 326<br>Oak Park, Michigan 48237<br>(248) 968-5200<br>Attorneys for Defendant |
| Brian M. Ziff (P58124)<br>Jennifer K. Green (P69019)<br>Clark Hill PLC<br>500 Woodward Ave., Suite 3500<br>Detroit, Michigan 48226-3435<br>(313) 965-8300<br>Attorneys for Intervenor-Plaintiff Jadells, Inc.<br>d/b/a HealthCall of Detroit, Inc. | |

_____/

## INTERVENOR-PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF CRIMINAL HISTORY

Intervenor-Plaintiff HealthCall of Detroit, Inc. ("HealthCall"), through its attorneys Clark Hill PLC, moves *in limine* for an order preventing Defendant and its attorneys and witnesses from testifying about, introducing evidence of, or otherwise mentioning at trial the criminal history of one of HealthCall's witnesses, Edsel Eggleston. HealthCall relies on the accompanying Brief in support of this Motion.

Pursuant to E.D. LR 7.1(a), concurrence in this Motion and the relief sought herein was requested but not received.

                              Respectfully submitted,

                              CLARK HILL PLC

By:   s/ Brian M. Ziff
       Brian M. Ziff
       Jennifer K. Green
       500 Woodward Avenue, Suite 3500
       Detroit, Michigan 48226-3435
       (313) 965-8300
       bziff@clarkhill.com
       Attorney Bar No. (P58124)
       Attorney Bar No. (P69019)
       Attorneys for Intervenor-Plaintiff Jadells,
       Inc. d/b/a HealthCall of Detroit, Inc.

Date: August 21, 2009

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN DUNN, a legally incapacitated individual,
by and through her guardian
STEPHEN C. ALBERY,

                Plaintiff,

and

JADELLS, INC., a Michigan corporation, d/b/a
HEALTHCALL OF DETROIT, INC.,

                Intervenor-Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an Illinois insurance
corporation,

                Defendant.

Case No. 08-cv-12831
Hon. Lawrence P. Zatkoff
Mag. Judge R. Steven Whalen

_____/

| | |
|---|---|
| James L. Spagnuolo, Jr. (P60126)<br>Freedman & Herskovic, PLC<br>3000 Town Center Drive, Suite 1250<br>Southfield, Michigan 48075<br>(248) 356-2010<br>Attorneys for Plaintiff | James F. Hewson (P27127)<br>Elaine M. Sawyer (P56494)<br>Hewson & Van Hellemont, PC<br>25900 Greenfield Road, Suite 326<br>Oak Park, Michigan 48237<br>(248) 968-5200<br>Attorneys for Defendant |

Brian M. Ziff (P58124)
Jennifer K. Green (P69019)
Clark Hill PLC
500 Woodward Ave., Suite 3500
Detroit, Michigan 48226-3435
(313) 965-8300
Attorneys for Intervenor-Plaintiff Jadells, Inc.
d/b/a HealthCall of Detroit, Inc.

_____/

## BRIEF IN SUPPORT OF INTERVENOR-PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF CRIMINAL HISTORY

## STATEMENT OF ISSUES PRESENTED

Should this Court prevent Defendant and its attorneys and witnesses from testifying about, introducing evidence of, or otherwise mentioning at trial the criminal history of one of HealthCall's witnesses, Edsel Eggleston, where two out of three of Eggleston's convictions are more than 10 years old and therefore inadmissible under Fed. R. Evid. 609(b); where evidence of the remaining conviction is far more prejudicial than probative; and where there is no federal or state law preventing HealthCall from employing Eggleston, despite his criminal record, rendering the evidence irrelevant?

## CONTROLLING AUTHORITY

### Cases

Calver v. Ottawa County,
    No. 98-cv-133, 2001 U.S. Dist. LEXIS 1765 (W.D. Mich. Feb. 15, 2001)

Johnson v. Howard,
    No. 96-cv-662, 1999 U.S. Dist. LEXIS 15704 (W.D. Mich. Oct. 4, 1999)

United States v. Seago,
    930 F.2d 482 (6th Cir. 1991)

### Federal Rules of Evidence

Fed. R. Evid. 609(b)

Fed. R. Evid. 403

## BACKGROUND

Intervenor-Plaintiff Jadells, Inc. d/b/a HealthCall of Detroit, Inc. ("HealthCall") is a private duty agency that provides medical, therapeutic, and rehabilitative services to severely injured patients pursuant to the orders of those patients' physicians. In this case, HealthCall has been providing care to Karen Dunn, who sustained serious injuries arising out of a motor vehicle accident. For more than two years, HealthCall has provided home health aide ("HHA") care to Dunn pursuant to the orders of her doctors. One of those HHAs has been Edsel Eggleston.

Eggleston has a criminal record dating back many years ago. Specifically, he was (i) convicted on July 9, 1981 of possession of a controlled substance and released from confinement on January 18, 1983, (ii) convicted on June 11, 1981 of criminal sexual conduct and released from confinement on July 5, 1987, and (iii) convicted on November 11, 1997 of unarmed robbery and released from confinement on December 14, 2001. As is apparent, none of his convictions involved acts of dishonesty of false statements. Because the controlled substance and criminal sexual conduct convictions are more than ten years old, they may not be used to impeach Eggleston at trial pursuant to the unambiguous language of Fed. R. Evid. 609(b). Further, while Eggleston was released from confinement on the unarmed robbery conviction less than ten years ago, the conviction's non-existent probative value is vastly outweighed by its grossly prejudicial nature. For these reasons alone, Defendant should be precluded from impeaching Eggleston based on his criminal history.

Moreover, there is no federal or state law that prevents HealthCall from hiring Eggleston to serve as an HHA despite his criminal record. As such, the fact of Eggleston's criminal history is wholly irrelevant to the claims and defenses involving HealthCall and Defendant. Thus, an exclusion of argument and evidence relating to Eggleston's criminal history is clearly warranted.

1

# ARGUMENT

## A. Standard of Review

District courts have broad discretion over matters involving the admissibility of evidence at trial. United States v. Seago, 930 F.2d 482, 494 (6th Cir. 1991). Motions *in limine* streamline trials by eliminating evidence that is clearly inadmissible for any purpose. See Jonasson v. Lutheran Child & Family Servs., 115 F.3d 436, 440 (7th Cir. 1997); see also Luce v. United States, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984) (district courts have authority to make *in limine* rulings pursuant to authority to manage trials).

Under these familiar standards, the Court should exclude evidence and argument of Eggleston's criminal history.

## B. Evidence of Eggleston's Controlled Substance and Criminal Sexual Misconduct Convictions is Inadmissible Under Fed. R. Evid. 609(b).

Eggleston was convicted of (i) possession of a controlled substance in 1981 and released from confinement in 1983, and (ii) criminal sexual conduct in 1981 and released from confinement in 1987. With respect to those offenses, more than ten years has elapsed since both the dates of conviction and release from confinement. Under Fed. R. Evid. 609(b), evidence of those convictions is not admissible.

Fed. R. Evid. 609(b) sets the time limits for impeachment by evidence of conviction or crime. Specifically, the Rule provides:

> Evidence of a conviction under this rule is not admissible if a period of more than **ten years has elapsed since the date of the conviction or of the release of the witness from confinement** imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

(Emphasis added.)

In this case, two of Eggleston's convictions are inadmissible under the Rule. First, the July 9, 1981 conviction for possession of a controlled substance resulted in a release from confinement on January 18, 1983. Second, the June 11, 1981 conviction for criminal sexual conduct resulted in a release from confinement on July 5, 1987. Obviously, more than ten years has passed since both convictions and both release-from-confinement dates, rendering evidence relating to the convictions inadmissible under Fed. R. Evid. 609(b).

Even if the Court were to weigh the probative value of the convictions against their obvious prejudicial nature, as Rule 609(b) allows, the result would be unchanged. Decades-old convictions relating to controlled substances and sexual conduct are irrelevant to the issue in this case, namely whether Defendant violated the Michigan No-Fault Insurance Act, M.C.L. § 500.3101, *et. seq.* (the "Act"). Eggleston is a witness, not a party, and not the accused in a criminal case. Evidence of his prior conduct has no bearing on whether HealthCall is entitled to reimbursement for personal protection insurance ("PIP") benefits from Defendant for "[a]llowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." M.C.L. § 500.3107(1). Evidence of his prior conduct has no bearing on the jury's analysis under § 3107 of whether (i) HealthCall's charges were reasonable, (ii) the expenses were reasonably necessary, and (iii) the expenses were incurred. See Nasser v. Auto Club Ins. Ass'n, 457 N.W.2d 637, 645 (Mich. 1990). As such, evidence of his prior conduct has no probative value to the underlying merits of this case.

Additionally, evidence of his prior conduct is highly prejudicial. See Notes of Advisory Committee on 1990 Amendment (the "danger of prejudice from the use of prior convictions is not confined to criminal defendants"). Indeed, such evidence calls into question "the most

3

elementary conception of the rule of law – what Aristotle called 'corrective justice,' which means judging the case rather than the parties. It is an aspiration that is given symbolic expression in statues of Justice as a blindfolded goddess -- blindfolded because she is not seeing the individual characteristics of the parties and their lawyers. . . ." <u>Schmude v. Tricam Indus., Inc.</u>, 556 F.3d 624, 627 (7th Cir. 2009). Here, the jury is entitled to weigh Eggleston's testimony, and his credibility, without regard to evidence that would only be introduced to inflame the jury's passion. <u>See</u>, e.g., <u>Johnson v. Howard</u>, No. 96-cv-662, 1999 U.S. Dist. LEXIS 15704, at *3-6 (W.D. Mich. Oct. 4, 1999) (motion in limine prohibiting the defendants from using prior convictions for impeachment purposes granted where probative value of prior convictions was not substantially greater than prejudicial effect) (*Exhibit A*). There are no, and will not be any, "specific facts and circumstances" which demonstrate that Eggleston's criminal record has probative value that "substantially outweighs" its prejudicial nature. <u>See</u> Fed. R. Evid. 609(b). Thus, evidence of or argument relating to Eggleston's controlled substance and sexual conduct convictions should be excluded from trial.

    **C.**    **Evidence of Eggleston's Unarmed Robbery Conviction is Substantially More Prejudicial than Probative and is Therefore Not Admissible Under Fed. R. Evid. 403.**

Any evidence or argument concerning Eggleston's unarmed robbery conviction, the most recent in time, should be excluded because of its grossly prejudicial nature.

Fed. R. Evid. 609(a)(1) allows the admission of evidence of a witness' prior conviction to impeach that witness if the crime was punishable by death or imconfinementment of more than one year, "subject to Rule 403." Fed. R. Evid. 403 provides that even relevant evidence can be excluded if such evidence is more prejudicial than probative. Fed. R. Evid. 403 states:

> Although relevant, evidence may be excluded if its probative value
> is substantially outweighed by the danger of unfair prejudice,

4

> confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Here, the non-existent probative value of Eggleston's criminal history is clearly outweighed by the danger that the evidence will unfairly prejudice, mislead, and confuse the jury. It would be unfair and misleading for Defendant to brand Eggleston as a criminal based on something that happened many years ago. Indeed, the prejudicial result of impeachment of a witness (who is not a criminal defendant or even a party to the civil action) may cause the jury "to overweigh character evidence and give insufficient consideration to factors external to character that also bear on credibility. The net effect may be to distort rather than reveal the truth about witness credibility." Wright & Gold, Federal Practice and Procedure: Evidence § 6132 at 195 (1993). Any effort by Defendant to impeach Eggleston on this ground is nothing more than a transparent attempt to paint him as a "bad" person who must be lying; such is the stuff of unfair prejudice. See Calver v. Ottawa County, No. 98-cv-133, 2001 U.S. Dist. LEXIS 1765 at *26-27 (W.D. Mich. Feb. 15, 2001) (excluding evidence of prior convictions where clearly sought to be used to paint witness as "unsympathetic figure" or "bad person" who must be lying) (*Exhibit B*).

The unarmed robbery conviction is aged, does not contain elements of dishonesty or false statements, and is more prejudicial than probative in the context of a PIP reimbursement case. The evidence would also unfairly taint the jury's view of Eggleston (and therefore HealthCall) by causing the jury to focus on acts and times not even remotely at issue in the case. The obvious prejudicial impact of evidence or argument concerning a witness' criminal history outweighs any slim probative value. Therefore, such evidence or argument from Defendant, its witnesses, and its attorneys relating to Eggleston's unarmed robbery conviction should be excluded.

5

### D. HealthCall Did Not Violate the Law in Hiring Eggleston.

Finally, because HealthCall did not violate state or federal law in hiring Eggleston, none of his convictions have any probative value to the merits of this case. All evidence and argument relating to those convictions should therefore be excluded.

As to state law, the Medicare Prescription, Drug, Improvement and Modernization Act of 2003 (the "MMA") required the establishment of a pilot program for background checks of new employees of long-term care facilities. The Michigan statute requiring background checks for this program, M.C.L. § 333.20173a, lists home health agencies amongst the organizations that must obtain background checks. However, the statute defines "home health agency" as:

> [A] person *certified by Medicare* whose business is to provide to individuals in their places of residence other than in a hospital, nursing home, or county medical care facility 1 or more of the following services: nursing services, therapeutic services, social work services, homemaker services, home health aide services, or other related services.

M.C.L. § 333.20173a(16)(c) (emphasis added).

It is undisputed that HealthCall is not a Medicare facility. Thus, the MMA, and its requirement for background checks of new employees, is inapplicable to HealthCall and Eggleston. Any probative value of evidence of his criminal history is thus even further reduced.

Federal law prohibits healthcare facilities from employing individuals convicted of specific crimes, including patient abuse and felony convictions relating to controlled substances or health care fraud. 42 U.S.C. § 1320a-7(a). However, as to felony controlled substance convictions, the law provides:

> (4) Felony conviction relating to controlled substance. Any individual or entity that has been convicted for an offense which occurred *after the date* of the enactment of the Health Insurance Portability and Accountability Act of 1996 [enacted Aug. 21, 1996], under Federal or State law, of a criminal offense consisting

6

> of a felony relating to the unlawful manufacture, distribution, prescription, or dispensing of a controlled substance.

(Emphasis added.) Because Eggleston's controlled substance conviction was in 1981, long before the 1996 enactment of the Health Insurance Portability and Accountability Act, his employment by HealthCall is not precluded by federal law. Again, given that HealthCall did not violate any laws by employing Eggleston, evidence relating to his criminal background is irrelevant to this case, and obviously more prejudicial than probative. See Fed. R. Evid. 401, 402.

## CONCLUSION

There is no basis for admitting evidence of Eggleston's criminal history, either because of the age of the convictions, the total lack of probative value as to the merits of the case, or the inflammatory and prejudicial nature of that evidence. Accordingly, this Court should enter an order (i) preventing Defendant and its attorneys and witnesses from testifying or otherwise mentioning Eggleston's criminal record, and (ii) granting such other and further relief as justice and fairness require.

Respectfully submitted,

CLARK HILL PLC


By:   s/ Brian M. Ziff
       Brian M. Ziff
       Jennifer K. Green
       500 Woodward Avenue, Suite 3500
       Detroit, Michigan 48226-3435
       (313) 965-8300
       bziff@clarkhill.com
       Attorney Bar No. (P58124)
       Attorney Bar No. (P69019)
       Attorneys for Intervenor-Plaintiff Jadells,
       Inc. d/b/a HealthCall of Detroit, Inc.

Date: August 21, 2009

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2009, Valentina Petrusha electronically filed the foregoing papers with the Clerk of the Court using the ECF System which will send notification of such filing to the following: James L. Spagnuolo, Jr., jspagnuolo@fhlawplc.com, James F. Hewson, hewson@vanhewpc.com, and Elaine M. Sawyer, elaine@vanhewpc.com. I declare the above statement is true to the best of my knowledge, information and belief.

CLARK HILL PLC

By:   /s/ Brian M. Ziff
Brian M. Ziff
Jennifer K. Green
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435
(313) 965-8300
bziff@clarkhill.com
Attorney Bar No. (P58124)
Attorney Bar No. (P69019)
Attorneys for Plaintiff

Dated: August 21, 2009