**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KAREN DUNN,
by and through her guardian,
STEPHEN C. ALBERY,

      Plaintiff,

and

JADELLS, INC. d/b/a
HEALTHCALL OF DETROIT, INC.,

      Intervenor - Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.
_____/

Case No. 08-12831
Hon. Lawrence P. Zatkoff
Mag. R. Steven Whalen

**ORDER DENYING DEFENDANT'S MOTION TO EXTEND DISCOVERY**

**I. INTRODUCTION**

This matter comes before the Court on Defendant's motion to open discovery for an additional 60 days [dkt 43]. Plaintiff and Intervenor-Plaintiff have responded. On September 3, 2009, Plaintiff and Defendant stipulated to a dismissal of all claims by Plaintiff against Defendant, leaving only the claims of Intervenor-Plaintiff. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1 (e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendant's motion is DENIED.

## II. BACKGROUND

Plaintiff brought this action against Defendant for non-payment of no-fault insurance benefits arising out of a 1992 motor vehicle accident, where Plaintiff sustained traumatic brain injuries and a plethora of other mental problems. Defendant removed this action to this Court on July 2, 2008. On October 6, 2008, the Court issued a scheduling order, which set January 20, 2009, as the date by which discovery was to be completed, and set February 11, 2009, as the date by which dispositive motions were to be submitted. On November 21, 2008, the Court entered a stipulation into the record permitting Healthcall of Detroit, Inc. to intervene in this matter. The Court extended its cut-off dates for discovery and dispositive motions until April 20, 2009, and May 11, 2009, respectively. On May 18, 2009, the Court denied Defendant's motion to extend the discovery and dispositive motion cut-off dates by 60 days for lack of good cause. The order, however, permitted Defendant to petition the Court for leave to file a supplemental brief if medical examinations "yielded relevant information not contained in the parties' dispositive motions" [dkt 33]. On May 11, 2009, all three parties submitted motions for summary judgment. A decision on the parties' cross motions for summary judgment was rendered on July 17, 2009. The final pretrial conference is scheduled for September 16, 2009.

Defendant argues that medical examinations have yielded relevant information requiring additional discovery. According to Defendant, examinations by Dr. Jackson, Dr. Baker, and Dr. De Santis have produced evidence and expert opinions delineating new issues in the case. Based on the examinations and reports of Dr. Jackson and Dr. Baker, Defendant alleges that additional discovery is needed to determine whether Plaintiff's cognitive deterioration is attributable to her HIV-positive status, rather than the 1992 motor vehicle accident. According to Defendant, Dr. Jackson's report

2

states that Plaintiff's injuries were independent of her head injury, and Dr. Baker's report states that Plaintiff's cognitive deterioration is associated with her HIV-positive status and not with traumatic brain injury. As a result, Defendant contends that Plaintiff's treating doctors have increased her attendant care without differentiating between physical injuries caused by the motor vehicle accident and those caused by her preexisting HIV-positive status. Based on the examination of Dr. De Santis, who found that Plaintiff was stable from a physical and neuromuscular standpoint, Defendant argues that additional discovery is needed to determine whether Plaintiff is in need of ongoing physical therapy for injuries caused by the motor vehicle accident.

Intervenor-Plaintiff first argues that the evidence providing the basis for Defendant's petition is neither new nor relevant. Intervenor-Plaintiff contends that Defendant has been aware of Plaintiff's HIV-positive status since the outset of this litigation and has had ample opportunity to pursue its impact on Plaintiff's medical treatment. Intervenor-Plaintiff also contends that Plaintiff's HIV-positive status is irrelevant because Defendant's witnesses testified at deposition that they are not contesting the reasonable medical necessity of the services provided by Intervenor-Plaintiff, and Defendant has not cited Plaintiff's HIV-positive status as a basis for its refusal to pay for her expenses.

Intervenor-Plaintiff also argues that Defendant lacks good cause for an extension of discovery because Defendant has not been diligent in the discovery process, and should not now be rewarded for its own delay. Intervenor-Plaintiff contends that seven months of discovery was sufficient for Defendant to obtain all relevant information, and that Defendant has already been granted a 90-day extension. Further, Intervenor-Plaintiff argues that an extension would result in undue prejudice to Intervenor-Plaintiff, who will continue to incur all expenses associated with

Plaintiff's care due to Defendant's refusal to pay for Plaintiff's medical treatment.

### III. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 16(b), "a schedule may be modified only for good cause and with the judge's consent." In order to establish "good cause," parties must show that "despite their diligence they could not meet the original deadline." *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003). In deciding whether the "good cause" standard is met, it is also important to consider "whether the opposing party will suffer prejudice" due to the schedule modification. *Id*. at 906 (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

### IV. ANALYSIS

Defendant was permitted to petition the Court for leave to file a supplemental brief if medical examinations "yielded relevant information not contained in the parties' dispositive motions," but Defendant has failed to identify any such new and relevant evidence. While Defendant argues that the medical examinations produced new evidence regarding the impact of Plaintiff's HIV-positive status on her cognitive deterioration and attendant care needs, Plaintiff's HIV-positive status is not new evidence. Defendant had been aware of Plaintiff's preexisting HIV-positive status prior to the start of this litigation and had also been aware of Plaintiff's treating physicians and their records since at least December 11, 2008, when Intervenor-Plaintiff provided that information as part of its initial disclosures. Also, the relevance of Plaintiff's HIV-positive status is questionable as Defendant has not cited this as a basis for its prior refusal to pay Intervenor-Plaintiff for Plaintiff's medical expenses. Thus, Defendant has failed to show that the medical examinations yielded

relevant evidence not contained in the parties' dispositive motions.

Defendant has also failed to establish good cause to modify the Court's scheduling order under Fed. R. Civ. P. 16(b). Defendant is unpersuasive in maintaining that it could not meet the original deadline despite its diligence. Defendant had ample time to meet the discovery deadline with respect to the evidence it seeks to use as the basis for this petition. As stated above, Defendant had been aware of Plaintiff's preexisting HIV-positive status prior to the start of this litigation, had seven months to conduct discovery on the matter, and had sufficient access to Plaintiff's treating physicians and their records for months prior to the close of discovery. Instead, Defendant waited to file this petition based on the alleged new evidence until after the close of discovery and after a decision was rendered on cross motions for summary judgment. *See Shane v. Bunzl Distrib. USA, Inc.*, 275 Fed. Appx. 535, 537 (6th Cir. 2008) (upholding a district court's decision to decline extending discovery where the requesting party had "dragged his heels" during discovery as part of trial strategy). Defendant should not be rewarded with an extension to the schedule at Intervenor-Plaintiff's expense for dragging its heels during the discovery process.

Further, Defendant's petition lacks good cause to modify the schedule because the requested extension would unduly prejudice Intervenor-Plaintiff, who has invested significant time and effort as a result of the Court's scheduling order, which set September 16, 2009, as the date for the final pre-trial conference. Since Defendant has refused to pay for Plaintiff's treatment, Intervenor-Plaintiff will continue to incur all costs associated therewith, from attendant care services to medically necessary transportation. Plaintiff's medical needs are substantial, and granting the requested extension would cause great hardship to Intervenor-Plaintiff.

## V. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Defendant's motion to open discovery for 60 days is DENIED.

IT IS SO ORDERED.

                                        S/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated: September 11, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 11, 2009.

                                        S/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290