**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KAREN DUNN,
by and through her guardian,
STEPHEN C. ALBERY,

        Plaintiff,

and

JADELLS, INC. d/b/a
HEALTHCALL OF DETROIT, INC.,

        Intervenor - Plaintiff,

                                   Case No. 08-12831
v.                                      Hon. Lawrence P. Zatkoff

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.
_____/

**OPINION & ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on December 23, 2009

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter comes before the Court on (1) Intervenor-Plaintiff's Motion in Limine to

Exclude Evidence of Rent Payments [dkt 49]; (2) Intervenor-Plaintiff's Motion in Limine to Exclude

References to Licensure [dkt 55]; (3) Intervenor-Plaintiff's Motion in Limine to Exclude Evidence

of Criminal History [dkt 50]; (4) Intervenor-Plaintiff's Motion in Limine to Exclude Any of

Defendant's Market Surveys [dkt 51]; (5) Intervenor-Plaintiff's Motion in Limine to Exclude

Evidence of Fraud [dkt 52]; (6) Intervenor-Plaintiff's Motion in Limine Regarding Independent

Medical Examinations [dkt 53]; (7) Intervenor-Plaintiff's Motion in Limine to Exclude Evidence

Introduced by Defendant Contesting the Reasonableness of Healthcall's Rates [dkt 54]; (8)

Defendant's Motion in Limine Regarding Prior Payments [dkt 67]; (9) Defendant's Motion in

Limine to Preclude Mention of Allegations that Defendant Acted Negligently or in Bad Faith in its

Claims Handling Procedures for No-Fault Benefits [dkt 68]; (10) Defendant's Motion in Limine RE:

Failure to Produce Evidence [dkt 71]; (11) Intervenor-Plaintiff's Motion in Limine to Exclude

Evidence of an Insurance Policy or Any Contract Between Intervenor-Plaintiff and Defendant [dkt

76]; (12) Intervenor-Plaintiff's Motion to Strike Defendant's Untimely Disclosed Witnesses [dkt

78]; and (13) Intervenor-Plaintiff's Motion in Limine to Exclude Evidence of Prior Providers Other

than E.S.S.I.E. [dkt 87].   The parties have fully briefed all Motions.   The Court finds that the facts

and legal arguments are adequately presented in the parties' papers such that the decision process

would not be significantly aided by oral argument.   Therefore, pursuant to E.D. Mich. LR 7.1(e)(2),

it is hereby ORDERED that the motions be resolved on the briefs submitted.   The motions will be

addressed in turn.

## II.  BACKGROUND

Plaintiff sustained serious injuries in a motor-vehicle accident that occurred in 1992.   The

accident resulted in a traumatic brain injury and rendered her comatose for over one month.   As a

result of her brain injury, Plaintiff now suffers from a plethora of mental problems, including mood

disorder, bi-polar disorder, hallucinations, delusions, depression, severe anxiety, and sleep disorder

as well as impaired memory, cognitive skills, judgment, and problem-solving capacity.   Plaintiff also

broke her C-3 and C-4 vertebrae in the accident, resulting in considerable back and neck pain.

2

These afflictions have impacted Plaintiff's physical activities, making it extremely difficult for her to care for herself.  Plaintiff's situation is further complicated by unrelated health problems: she is asthmatic, blind in one eye, and HIV-positive.  Plaintiff relies on a team of physicians and health-care specialists for pain management, psychiatric care, and physical therapy.  Intervenor-Plaintiff has provided such care to Plaintiff since 2007.

Plaintiff brought this action against Defendant for non-payment of no-fault insurance benefits arising out of the 1992 motor vehicle accident.  Defendant removed this action to this Court on July 2, 2008.  On November 21, 2008, the Court entered a stipulation into the record permitting Healthcall of Detroit, Inc. to intervene in this matter.  On September 3, 2009, Plaintiff released all claims against Defendant, leaving only the claims of Intervenor-Plaintiff in this case.  Intervenor-Plaintiff seeks reimbursement from Defendant for Plaintiff's medical expenses under the Michigan No-Fault Insurance Act on the basis that such expenses were reasonable, reasonably necessary, and incurred.

### III. LEGAL STANDARD

District courts have broad discretion over matters involving the admissibility of evidence at trial. *U.S. v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991).  Under the Federal Rules of Evidence, relevant evidence is that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Evidence which is not relevant is not admissible."  Fed. R. Evid. 402.  Further, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.

3

R. Evid. 403.

## IV. ANALYSIS

**A.      Intervenor-Plaintiff's Motion in Limine to Exclude Evidence of Rent Payments [dkt 49]**

Intervenor-Plaintiff moves to exclude from trial evidence pertaining to the monthly Supplement to the Federal Section 8 Housing Program that Intervenor-Plaintiff paid on behalf of Plaintiff.  Since it began providing services to Plaintiff, Intervenor-Plaintiff paid Plaintiff's housing supplement to the Section 8 Housing Program, intending to pass the cost on to Defendant.  On July 17, 2009, this Court granted summary judgment to Defendant as to Intervenor-Plaintiff's claim for reimbursement for the monthly rental supplement.

Intervenor-Plaintiff argues that since it is precluded from seeking reimbursement for rent payments at trial, such evidence is not relevant to Intervenor-Plaintiff's claims for other expenses related to Plaintiff's treatment.   Intervenor-Plaintiff further argues that evidence of Defendant's partial victory against Intervenor-Plaintiff is more prejudicial than probative in that it will result in confusion of the issues and imply that Intervenor-Plaintiff improperly sought reimbursement for payments not allowed under the Michigan No-Fault Insurance Act.  Defendant responds that Intervenor-Plaintiff's itemization of claims still includes notations for a "monthly rental supplement," which would render Intervenor-Plaintiff's claims per se unreasonable and non-recoverable.  Defendant argues that Intervenor-Plaintiff's claim must be reduced to eliminate charges for monthly rental payments, and that the amount to be deducted should be decided by the jury.

The Court finds that evidence pertaining to Intervenor-Plaintiff's payment of rental housing supplements on behalf of Plaintiff is not relevant.  Contrary to Defendant's contention, Intervenor-

Plaintiff has revised its claim for damages to clarify that it is not pursuing recovery for the supplement to Plaintiff's Section 8 Housing Program and that it has removed all such charges from its calculations. *See* Joint Final Pretrial Order, Exhibit A, Pg. A, n.4. Intervenor-Plaintiff's remaining claims seek reimbursement under the Michigan No-Fault Insurance Act for expenses related to skilled nurse visits, home health aide care, occupational therapy, and medically necessary transportation. As such, evidence related to rental payments has no bearing on the jury's determination of whether the charges for Healthcall's remaining expenses are reasonable, reasonably necessary, and incurred. Further, the Court finds that the danger of unfair prejudice and confusion of the issues substantially outweighs the probative value of the evidence. There is no need for the jury to consider evidence of rent payments when the Court has already held that Intervenor-Plaintiff is barred from seeking reimbursement for those expenses. Therefore, Intervenor-Plaintiff's motion to exclude evidence related to the monthly supplement to the Section 8 Housing Program is GRANTED.

**B.**     **Intervenor-Plaintiff's Motion in Limine to Exclude References to Licensure [dkt 55]**

Intervenor-Plaintiff has represented that it is a home healthcare agency accredited by the Community Health Accreditation Program (CHAP) and that its nurses and therapists who provide services to Plaintiff are properly licensed by the State of Michigan. Intervenor-Plaintiff moves to exclude evidence relating to its CHAP accreditation, or absence thereof, to provide home health aide services, thereby excluding Defendant from arguing that Intervenor-Plaintiff unlawfully rendered treatment to Plaintiff. Intervenor-Plaintiff argues that the evidence is irrelevant because it is not required to have a license or any accreditation in order to receive reimbursement for medical expenses under the Michigan No-Fault Insurance Act. Intervenor-Plaintiff also argues that the issue

5

of its CHAP accreditation is not a matter for the jury to decide because only the CHAP Board of Review has the ability to determine compliance with its accreditation requirements.

Defendant responds that evidence of the certification, licensure, and qualifications of Intervenor-Plaintiff is relevant to whether the services rendered were reasonable and necessary. Defendant argues that if Intervenor-Plaintiff seeks to introduce evidence of its CHAP accreditation in order to strengthen its credibility as a healthcare provider, then Defendant should be entitled to introduce evidence questioning Intervenor-Plaintiff's CHAP accreditation. Specifically, Defendant seeks to demonstrate that Intervenor-Plaintiff has not complied with its accreditation requirements by hiring unqualified employees and failing to perform criminal background checks on newly hired employees.

The Court finds that evidence pertaining to Intervenor-Plaintiff's CHAP accreditation is not relevant. Defendant has not rebutted Intervenor-Plaintiff's assertions that it is not required to be licensed or accredited in order to provide the services it provided to Plaintiff and that only the CHAP Board of Review can decide whether Intervenor-Plaintiff is accredited. Since Intervenor-Plaintiff need not have CHAP accreditation to receive no-fault insurance benefits, whether or not it is accredited does not make it more or less probable that Intervenor-Plaintiff is entitled to benefits. Thus, Intervenor-Plaintiff's motion in limine to exclude reference to its CHAP accreditation, or lack thereof, is GRANTED. However, this decision does not affect Defendant's ability to question the individual certifications and qualifications of Intervenor-Plaintiff's personnel, as Intervenor-Plaintiff's motion is limited to the issue of its licensure and accreditation as a corporation. Additionally, if Intervenor-Plaintiff introduces direct evidence of its CHAP accreditation in order to strengthen its credibility as a healthcare provider, then Defendant will be given the opportunity

6

to introduce evidence questioning Intervenor-Plaintiff's CHAP accreditation.

**C.    Intervenor-Plaintiff's Motion in Limine to Exclude Evidence of Criminal History [dkt 50]**

Intervenor-Plaintiff moves to exclude evidence pertaining to one of its employee's criminal history. Edsel Eggleston ("Eggleston"), a home health aide who provided treatment to Plaintiff, has been convicted of (1) possession of a controlled substance, (2) criminal sexual conduct, and (3) unarmed robbery. Eggleston was convicted of possession of a controlled substance on July 9, 1981, and was released from confinement for this offense on January 18, 1983. Eggleston was convicted of criminal sexual conduct on June 11, 1981, and was released from confinement on July 5, 1987. Eggleston was convicted of unarmed robbery on November 11, 1997, and was released from confinement on December 14, 2001. Intervenor-Plaintiff argues that Eggleston's criminal history is not relevant as substantive evidence because it is not probative of whether Intervenor-Plaintiff's charges are reasonable, reasonably necessary, or incurred under the Michigan No-Fault Insurance Act. Intervenor-Plaintiff also argues that since Eggleston's convictions for possession of a controlled substance and criminal sexual conduct are more than ten years old, they may not be used to impeach Eggleston under Fed. R. Evid. 609(b). Intervenor-Plaintiff further contends that Eggleston's unarmed robbery conviction should be excluded for impeachment purposes because its probative value is significantly outweighed by its prejudicial nature.

Defendant responds that Eggleston's felony convictions are admissible as relevant evidence under Fed. R. Evid. 401 and 402, arguing that they are relevant to whether Intervenor-Plaintiff complied with its CHAP accreditation requirement to perform criminal background checks on its employees. Defendant also argues that Eggleston's felony conviction for unarmed robbery is admissible for impeachment purposes because ten years have not elapsed since Eggleston's release

7

from confinement, and that Eggleston's conviction does not unfairly prejudice his or Healthcall's reputation.

For purposes of impeachment, "[e]vidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year . . . ." Fed. R. Evid. 609(a)(1). However, FRE 609(b) provides a time limit on the admissibility of prior convictions for purposes of impeachment:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Fed. R. Evid. 609(b).

The Court finds that evidence of Eggleston's criminal history is inadmissible as substantive evidence under Fed. R. Evid. 401 and 402 because such evidence is not relevant. As the Court ruled in Intervenor-Plaintiff's Motion in Limine to Exclude References to Licensure [dkt 55], evidence of Intervenor-Plaintiff's CHAP accreditation is not relevant to whether Intervenor-Plaintiff is entitled to no-fault insurance benefits. Thus, evidence offered to support Defendant's argument that Intervenor-Plaintiff has not met its accreditation requirements is also not relevant. Therefore, the Court GRANTS Intervenor-Plaintiff's motion with respect to the use of Eggleston's criminal history as substantive evidence.

The Court also finds that, for purposes of impeachment, evidence of Eggleston's convictions for possession of a controlled substance and criminal sexual conduct are inadmissible, but that his conviction for unarmed robbery is admissible. Since more than ten years have elapsed since

8

Eggleston was convicted and released from confinement for his possession of a controlled substance and criminal sexual conduct convictions, such evidence is precluded under Fed. R. Evid. 609(b). However, ten years have not elapsed since the date of Eggleston's release from confinement for his unarmed robbery conviction, and it is therefore not precluded under Fed. R. Evid. 609(b). Thus, Intervenor-Plaintiff's motion to exclude evidence of Eggleston's criminal history is GRANTED with respect to the use of such evidence substantively and the use of Eggleston's convictions for possession of a controlled substance and criminal sexual conduct for impeachment purposes. However, Intervenor-Plaintiff's motion is DENIED with respect to the use of Eggleston's unarmed robbery conviction for impeachment purposes. Accordingly, Intervenor-Plaintiff's motion in limine to exclude evidence of criminal history is GRANTED IN PART and DENIED IN PART.

**D.    Intervenor-Plaintiff's Motion in Limine to Exclude Any of Defendant's Market Surveys [dkt 51]**

Intervenor-Plaintiff moves to exclude Defendant's insurance market surveys from trial. In support of its argument that Intervenor-Plaintiff's charges for Plaintiff's medical care are not reasonable, Defendant relies in part on its "Attendant Care Tool," which is a survey of the going market rate for home healthcare aides and licensed practical nursing services, to show that Intervenor-Plaintiff's charges are not reasonable in comparison to the going market rate for similar services. Intervenor-Plaintiff argues that the survey, created by Defendant, should be excluded as inadmissible hearsay and as a penalty for Defendant's failure to provide the survey to Intervenor-Plaintiff during discovery. Defendant responds that the survey is admissible as a business record and that Intervenor-Plaintiff failed to specifically request the survey during discovery.

Hearsay is a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay

9

is inadmissible unless it qualifies as an exception. Fed. R. Evid. 802. The business record exception

to the hearsay rule is provided in Fed. R. Evid. 803(6):

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness . . . unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

The proponent of the evidence bears the initial burden of establishing that it meets the requirements

of Fed. R. Evid. 803(6); if the proponent satisfies its burden, the opponent bears the burden of

demonstrating a reason to exclude the evidence. 2 McCormick on Evidence § 88. *See also Shelton*

*v. Consumer Prods. Safety Comm'n*, 277 F.3d 998, 1010 (8th Cir. 2002). When evidence contains

hearsay-within-hearsay, each layer of hearsay must fit within an exception to avoid rendering the

entire piece of evidence inadmissible. Fed. R. Evid. 805.

 The Court finds that Defendant's Attendant Care Tool constitutes inadmissible hearsay as

it is an out-of-court statement being offered to prove the going rates for various healthcare services.

Further, the document contains hearsay within hearsay at it is composed of out-out-court statements

of various healthcare providers intended to prove their respective rates.

 While Defendant contends that its survey constitutes a business record, the Court finds that

it has failed to meet its initial burden of establishing that the survey meets the requirements of Fed.

R. Evid. 803(6). In support of its position, Defendant has only demonstrated that district courts have

held similar survey evidence admissible in past instances. Defendant has made no showing that its

Attendant Care Tool meets the requirements of Fed. R. Evid. 803(6), suggesting only that it will,

at some unidentified time, "supplement an Affidavit of its records custodian/person with knowledge stating definitively that the attendant care survey in question meets all the above requirements." Def.'s Resp. Br. at 5. Further, Intervenor-Plaintiff has demonstrated that the circumstances of preparation of Defendant's survey indicate a lack of trustworthiness as Defendant has not identified who compiled the survey or when it was compiled. Therefore, Intervenor-Plaintiff's motion is GRANTED.

**E.     Intervenor-Plaintiff's Motion in Limine to Exclude Evidence of Fraud [dkt 52]**

**1.     All Evidence of Fraud**

Intervenor-Plaintiff moves to exclude from trial all evidence related to Defendant's affirmative defense that Intervenor-Plaintiff fraudulently billed Defendant for services. Intervenor-Plaintiff argues that evidence of fraud is no longer relevant and is unfairly prejudicial because Defendant's claims adjusters testified during deposition that there was no evidence to suggest that Intervenor-Plaintiff billed for services that were not rendered. Intervenor-Plaintiff also argues that even if evidence of fraud is relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Defendant responds that Intervenor-Plaintiff's motion is an untimely motion for summary judgment. Defendant does not address Intervenor-Plaintiff's argument that the testimony of Defendant's claims adjusters renders its fraud claim irrelevant. Defendant merely contends that it asserted fraud as an affirmative defense, that it should be entitled to assert its defense at trial, and that it is entitled to present circumstantial evidence to support its claim.

"[M]otions in limine are meant to deal with discrete evidentiary issues related to trial, and are not another excuse to file dispositive motions disguised as motions in limine." *Nomo*

11

*Agroinudstrial SA DE CV v. Enza Zaden N. Am. Inc.*, No. CV-05-351-TUC-FRZ, 2007 U.S. Dist. LEXIS 26298, at *2 n.1 (D. Ariz. Apr. 9, 2007). *See also SPX Corp. v. Bartec USA, LLC*, No. 06-14888, 2008 WL 3850770, at *3 (E.D. Mich. Aug. 12, 2008) ("Normally, motions *in limine* are not proper procedural devices for the wholesale disposition of theories or defenses."); *ABC Beverage Corp. & Subsidiaries v. United States*, No.1:07-cv-051, 2008 WL 5424174, at *2 (W.D. Mich. Dec. 4, 2008) (noting that motions in limine are not "substitutes for dispositive motions"); *Goldman v. Healthcare Mgmt. Sys., Inc.*, 559 F. Supp. 2d 853, 871 (W.D. Mich. 2008) (collecting cases). The denial of a motion in limine is warranted where the moving party seeks to argue the merits of its case and preclude the non-moving party from presenting its case. *United States v. Karamuzis*, No. 02-c-8707, 2004 U.S. Dist. LEXIS 19728 (N.D. Ill. Sept. 28, 2004) (denying motions in limine to bar evidence related to equitable defenses and prevent the non-moving party from arguing that res judicata and collateral estoppel apply as improper motions for summary judgment).

Here, the Court agrees with Defendant that Intervenor-Plaintiff's motion to prevent Defendant from pursuing its affirmative defense of fraud is a disguised motion for summary judgment. All evidence related to Defendant's affirmative defense is not a discrete evidentiary issue. Since the dispositive motion deadline has passed prior to the filing of this motion, the Court DENIES Intervenor-Plaintiff's motion such that Defendant may pursue its affirmative defense.

**2.      Prior Instance of Fraudulent Billing**

Intervenor-Plaintiff also moves to exclude from trial a jury's finding in a previous case between the same parties that Intervenor-Plaintiff fraudulently billed Defendant for services. *Ross v. State Farm Mut. Auto. Ins. Co.*, No. 05-cv-74434, 2009 U.S. Dist. LEXIS 31173 (E.D. Mich. April 13, 2009). Intervenor-Plaintiff avers that evidence of its prior act of fraud is inadmissible

12

character evidence under Fed. R. Evid. 404 in that prior bad acts cannot be used to suggest to the jury that Intervenor-Plaintiff has a propensity for fraudulent conduct and has acted in a similar manner in this case. Defendant responds that the evidence is admissible under Fed. R. Evid. 404(b) for other purposes, such as proof of intent or plan. Defendant also contends that the prior jury finding of fraud is admissible under Fed. R. Evid. 406(b) as evidence of habit, routine or practice.

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). However, such evidence may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." *Id*. The Sixth Circuit uses a three-part test to determine whether evidence is admissible under Fed. R. Evid. 404(b):

> *First*, the district court must decide whether there is sufficient evidence that the act in question actually occurred. *Second*, if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character. *Third*, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

*United States v. Trujillo*, 376 F.3d 596, 605 (6th Cir. 2004).

"Evidence of the habit of a person or the routine practice of an organization . . . is admissible to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice." Fed. R. Evid. 406. However, one previous bad act does not constitute a habit or routine. *See Molinares v. Limon*, No. 1:07-cv-413, 2009 U.S. Dist. LEXIS 46222, at *5 (W.D. Mich. June 2, 2009) (holding that "one previous conviction of criminal sexual conduct does not constitute a 'habit' such that the evidence would be admissible under Rule 406"); *Martin v. Thrifty Rent A Car*, No. 96-2229, 1998 U.S. App. LEXIS 8259, at *13-14 (6th Cir. Apr.

13

23, 1998) ("[T]o establish that a particular conduct qualifies as a routine practice, the proponent must show that the organization had a uniform response over an adequate number of instances.").

The Court finds that evidence of Intervenor-Plaintiff's prior act of fraudulent billing is not admissible under Fed. R. Evid. 404(b) or 406(b). The Court is not persuaded by Defendant's conclusory analysis that Intervenor-Plaintiff's single prior act of fraudulent billing is probative of a material issue other than character, such as motive, opportunity, intent or plan. Similarly, the Court finds that Intervenor-Plaintiff's single prior act of fraudulent billing is insufficient to demonstrate that this conduct is evidence of a habit or routine. Defendant has made no showing that Intervenor-Plaintiff fraudulently billed for services as a uniform response over an adequate number of instances. Therefore, the Court GRANTS Intervenor-Plaintiff's motion with respect to its prior instance of fraudulent billing.

### 3.    Conclusion

Accordingly, the Court DENIES IN PART and GRANTS IN PART Intervenor-Plaintiff's motion in limine to exclude evidence of fraud.

**F.    Intervenor-Plaintiff's Motion in Limine Regarding Independent Medical Examinations [dkt 53]**

Intervenor-Plaintiff moves to exclude from trial independent medical examinations (IMEs) of Plaintiff that were conducted by Defendant's experts. The IMEs were conducted beyond the discovery deadline in April and May of 2009, and Defendant notified Intervenor-Plaintiff of the IMEs on July 21, 2009, by attaching them to Defendant's petition to extend discovery, which the Court denied for lack of good cause. Intervenor-Plaintiff argues that the Court should exclude the IMEs from trial as a sanction for Defendant's decision to wait two months before disclosing its IMEs and Defendant's failure to timely supplement its disclosures and responses to Intervenor-

14

Plaintiff's interrogatories. Intervenor-Plaintiff also argues that the IMEs should be excluded for lack of relevance because Defendant seeks to use them to show that Plaintiff's medical needs were caused by factors other than the 1992 automobile accident. According to Intervenor-Plaintiff, Defendant did not initially provide this reason as a basis for nonpayment of benefits and cannot now use the IMEs to retroactively justify its decision to withhold benefits. Defendant responds that the IMEs could not be conducted until May of 2009 and that they yielded the need for further inquiry. Defendant does not respond to Intervenor-Plaintiff's assertions that the IMEs are irrelevant.

### 1.      Sanction

Under the Federal Rules of Civil Procedure, Rule 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). Rule 26(e) requires supplementation of discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P 26(e)(1).

In its interrogatory, Intervenor-Plaintiff asked Defendant to produce all information, documents and witnesses who may testify regarding its affirmative defense that Intervenor-Plaintiff's charges are not reasonable or reasonably necessary. While Defendant was untimely in submitting its response, the Court finds that Defendant's actions do not warrant exclusion of the IMEs as a sanction. Given that the IMEs were disclosed to Intervenor-Plaintiff on July 21, 2009—more than sixth months in advance of trial—the Court finds that Defendant's delay in

producing the IMEs was harmless.  Although this evidence came to light after the close of discovery, Intervenor-Plaintiff is not persuasive in claiming that it will be ambushed by the inclusion of the evidence, as it has had sufficient time to prepare itself accordingly.  Therefore, the Court DENIES Intervenor-Plaintiff's motion to exclude the IMEs as a sanction for untimely disclosure.

## 2.      Relevance

Although Defendant does not refute Intervenor-Plaintiff's contention that the IMEs are not relevant, the Court is not persuaded by Intervenor-Plaintiff's argument.  Intervenor-Plaintiff suggests that the IMEs, which tend to prove that Plaintiff's medical needs are attributable to other causes, are not relevant because Defendant did not cite this as a reason for initially withholding benefits. However, Intervenor-Plaintiff cites no authority supporting its assertion that  the determination of whether charges are reasonable, reasonably necessary, and incurred under the Michigan No-Fault Insurance Act depends on the insurer's initial reason for withholding benefits.

Instead, Intervenor-Plaintiff analogizes its claim for no-fault benefits to a claim for attorney fees for unreasonable delay in providing insurance benefits.  Intervenor-Plaintiff correctly asserts that  whether an insurer unreasonably delayed in making payment depends on whether the insurer's initial refusal to pay was reasonable.  *See Shanafelt v. Allstate Ins. Co.*, 552 N.W.2d 671, 675 (Mich. 1996) ("[W]hen considering whether attorney fees are warranted under the no-fault act, the inquiry is not whether coverage is ultimately determined to exist, but whether the insurer's initial refusal to pay was reasonable.").  However, this is not an action for attorney fees; the relevant inquiry is the reasonableness and reasonable necessity of the medical services provided to Plaintiff, not the reasonableness of Defendant's decision to withhold benefits.  Intervenor-Plaintiff has therefore failed to demonstrate that the IMEs are irrelevant to this action.  Thus, the Court DENIES

16

Intervenor-Plaintiff's motion to exclude the IMEs from trial for lack of relevance.

**3.      Conclusion**

Accordingly, Intervenor-Plaintiff's motion in limine regarding independent medical examinations is DENIED.

**G.      Intervenor-Plaintiff's Motion to Exclude Evidence Contesting the Reasonableness of Healthcall's Rates [dkt 54]**

Intervenor-Plaintiff moves to exclude from trial all evidence supporting Defendant's argument that Intervenor-Plaintiff is not entitled to recover because its charges are not reasonable under the Michigan No-Fault Insurance Act.  Intervenor-Plaintiff argues that such evidence is not relevant because Defendant did not produce evidence contesting the reasonableness of its rates during discovery, Defendant has not produced an expert witness to dispute Intervenor-Plaintiff's expert witness' conclusion that its rates were reasonable, and contesting its rates at this late stage of the proceedings would amount to trial by ambush.  Defendant responds that such evidence relating to the reasonableness of Intervenor-Plaintiff's rates is essential to the determination of whether Intervenor-Plaintiff is entitled to relief.  Further, Defendant argues that this issue should be decided by the jury, especially since the Court denied Intervenor-Plaintiff's motion for summary judgment as to this issue.

The Court finds that Intervenor-Plaintiff's motion to prevent Defendant from arguing that Intervenor-Plaintiff's rates are unreasonable is a disguised motion for summary judgment.  *See supra*, Part IV(E)(1).  All evidence related to the reasonableness of Intervenor-Plaintiff's rates is not a discrete evidentiary issue.  Instead, Intervenor-Plaintiff is attempting to have the Court decide the merits of the claim and prevent Defendant from presenting its defense.  Since the dispositive motion deadline has passed prior to the filing of this motion, Intervenor-Plaintiff's motion to exclude

17

evidence contesting the reasonableness of Intervenor-Plaintiff's rates is DENIED.

**H.    Defendant's Motion in Limine Regarding Prior Payments [dkt 67]**

Before Intervenor-Plaintiff assumed care responsibilities for Plaintiff in 2007, a group called Essential Support Services for Independent Existence ("ESSIE") bore those responsibilities. Because Defendant had been paying ESSIE regularly from January 2006 through August 15, 2007, prior to the switch in caretaking, Intervenor employed a billing structure similar to that used by ESSIE.   In December 2007, Intervenor-Plaintiff received its first payment from Defendant. Immediately thereafter, however, Defendant stopped payment on the check without explanation, and Defendant has not reimbursed Intervenor-Plaintiff to this date.

Defendant seeks to prevent Intervenor-Plaintiff from demonstrating that Defendant reimbursed ESSIE for services similar to those for which it refuses to reimburse Intervenor-Plaintiff. Defendant argues that the prior payments to ESSIE are irrelevant and unfairly prejudicial. According to Intervenor-Plaintiff, evidence that Defendant reimbursed ESSIE for essentially the same services provided to the same individual is probative of whether Intervenor-Plaintiff's charges are reasonable and reasonably necessary.

In *Hammermeister v. Riverside Ins. Co.*, 116 Mich. App. 552, 556 (1982), the court held that an insurer's prior payments alone were insufficient to grant summary disposition in favor of an insured party seeking no-fault benefits.  The court stated,  "[t]he mere fact that the insurer paid some wage-loss benefits is insufficient by itself for us to hold that . . . the insurer is precluded from asserting that it owes the insured nothing at all." *Id.*  However, the decision in *Hammermeister* does not preclude the admission of evidence of Defendant's prior payments to ESSIE.  Evidence of prior payments alone may be insufficient to grant summary disposition in favor of an insured party, but

18

the court's decision does not render the evidence inadmissible if relevant.

Here, evidence of Defendant's prior payments to ESSIE for similar services rendered to Plaintiff is relevant because it tends to prove that Intervenor-Plaintiff's charges are reasonable and reasonably necessary.  *See* Fed. R. Evid. 402.  While prejudicial to Defendant, the evidence is not unfairly prejudicial.  There is no reason to believe, as Defendant asserts, that evidence of its prior payments to ESSIE will somehow shift the burden of proof to Defendant.  Therefore, the Court DENIES Defendant's motion in limine to exclude evidence of prior payments.

I.    **Defendant's Motion in Limine to Preclude Mention of Allegations that Defendant Acted Negligently or in Bad Faith in its Claims Handling Procedures for No-Fault Benefits [dkt 68]**

Defendant seeks to exclude from trial evidence related to its claims handling procedures in order to prevent Intervenor-Plaintiff from suggesting that Defendant acted negligently or in bad faith in denying benefits to Plaintiff.  Defendant argues that the manner in which it processed Plaintiff's claims for benefits is irrelevant because it has no bearing on the contested issue of whether Intervenor-Plaintiff's charges are reasonable, reasonably necessary, and incurred.  Defendant also contends that the evidence will confuse the jury and unfairly prejudice Defendant by painting it in a negative light.  Intervenor-Plaintiff responds that it does not intend to argue that Defendant acted negligently or in bad faith.  However, Intervenor-Plaintiff intends to inquire into Defendant's investigation of Plaintiff's claims to determine whether Defendant's defenses were manufactured after-the-fact to avoid payment when no defense existed at the time payment was initially denied.  Intervenor-Plaintiff also argues that Defendant has stated that it denied benefits based on its policy change regarding the *per diem* billing method used by Intervenor-Plaintiff, which renders Defendant's claim management procedures relevant.

19

The Court finds that Defendant's motion is an inappropriate motion in limine. *See Nomo Agroinudstrial SA DE CV*, 2007 U.S. Dist. LEXIS 26298, at *2 n.1 ("[M]otions in limine are meant to deal with discrete evidentiary issues related to trial, and are not another excuse to file dispositive motions disguised as motions in limine."). All evidence related to Defendant's claim handling procedures and Defendant's conduct in handling Plaintiff's claims is not a discrete evidentiary issue. This evidence bears on Intervenor-Plaintiff's argument that Defendant's defenses were invented after-the-fact, such that granting Defendant's motion may preclude Intervenor-Plaintiff from presenting its case and responding to Defendant's defenses. Therefore, the Court DENIES Defendant's motion to preclude all references to Defendant's claim management procedures. However, since Intervenor-Plaintiff concedes that it does not wish to argue that Defendant acted negligently or in bad faith, Defendant's motion in limine is GRANTED with respect to such evidence. Accordingly, Defendant's motion is DENIED IN PART and GRANTED IN PART.

**J.      Defendant's Motion in Limine RE: Failure to Produce Evidence [dkt 71]**

Defendant moves in limine for an order granting a jury instruction in response to Intervenor-Plaintiff's alleged failure to produce evidence requested in a subpoena duces tecum. Defendant requests that the jury be instructed pursuant to Michigan Civil Jury Instruction 6.01, which provides:

> The plaintiff in this case has not offered any records as an exhibit. As this evidence was under the control of the plaintiff and could have been produced by him, and no reasonable excuse for the plaintiff's failure to produce the evidence was given, you may infer that the evidence would have been adverse to the plaintiff.

The Court finds that Defendant's motion seeking a jury instruction is inappropriate to decide as a motion in limine as it is not a discrete evidentiary issue. Therefore, Defendant's motion in limine regarding Intervenor-Plaintiff's failure to produce evidence is DENIED.

**K.      Intervenor-Plaintiff's Motion in Limine to Exclude Evidence of an Insurance Policy or**

20

**Any Contract Between Intervenor-Plaintiff and Defendant [dkt 76]**

In the Joint Final Pre-Trial Order, Defendant lists the following as an issue to be litigated at trial:

> Whether the *polic*y is void when Intervenor Plaintiff has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with their claim under this *policy*.

Joint Final Pre-Trial Order at 22. (emphasis added). Intervenor-Plaintiff contends that no contract of insurance exists between itself and Defendant, thus rendering any evidence of a non-existent contract or policy irrelevant. Defendant responds that the policy in question is the contract between Plaintiff and Defendant, and that such evidence is relevant because Intervenor-Plaintiff's claim against Defendant is derivative of Plaintiff's rights under the contract. Defendant does not respond to Intervenor-Plaintiff's argument regarding a potential contract between itself and Intervenor-Plaintiff.

Since Defendant has not contested Intervenor-Plaintiff's motion to exclude evidence of an insurance policy or contract between itself and Defendant, the Court GRANTS Intervenor-Plaintiff's motion.

**L.    Intervenor-Plaintiff's Motion to Strike Defendant's Untimely Disclosed Witnesses [dkt 78]**

Intervenor-Plaintiff seeks to preclude Defendant from presenting: (1) lay witnesses at trial where those witnesses were not timely disclosed pursuant to this Court's Scheduling Order; and (2) expert witnesses at trial where those experts were not timely disclosed pursuant to Fed. R. Civ. P. 26.

**1.    Lay Witnesses**

Pursuant to the Court's Scheduling Order, witness lists were to be exchanged by April 6,

21

2009. Both parties submitted witness lists on April 6, 2009. On September 1, 2009, Defendant filed

its First and Second Amended Witness Lists and served an "Amended Disclosure Statement" on

Intervenor-Plaintiff, naming two new lay witnesses: (1) Jennifer Keeney, an occupational therapist

who performed a medical evaluation of Plaintiff on August 15, 2009; and (2) Dawn Wahlstrom, the

claims adjuster for Defendant who is currently handling Plaintiff's file. On September 11, 2009,

Defendant submitted its Third Amended Witness List, adding Patricia Parr-Armelagos, an employee

of Defendant. The Final Pre-Trial Conference took place on September 16, 2009. On September

21, 2009, Defendant filed its Fourth Amended Witness List, adding Theresa LaRosa and Kathi

Rogers. Intervenor-Plaintiff argues that Defendant's above-mentioned lay witnesses should not be

permitted to testify at trial because Defendant has not shown good cause for failing to list the

witnesses in its April 6, 2009 disclosure. Furthermore, Intervenor-Plaintiff argues that Theresa

LaRosa and Kathi Rogers were added as witnesses after the Final Pretrial Conference, in violation

of Local Rule 16.2(b)(8).

According to the Court's Scheduling Order, "[n]o witness may be called for trial unless that

witness' name and address is listed, unless the Court rules, prior to trial, that there was good cause

for failing to list such witness." The reason for this is that discovery follows the disclosure of

witnesses, wherein the parties have the opportunity to depose the witnesses and prepare for trial.

Without a deadline for the disclosure of witnesses, a party could add witnesses on the eve of trial

and leave their adversary with no opportunity to depose the witnesses or adequately prepare for trial.

Here, Defendant has attempted to add witnesses after the date established by the Court's

Scheduling Order without seeking the Court's permission. Since Defendant has not provided good

cause for failing to list these witnesses, the Court GRANTS Intervenor-Plaintiff's motion to exclude

Defendant's lay witnesses added after the court-ordered April 6, 2009 deadline.

### 2.      Expert Witnesses

On September 8, 2009, Defendant submitted its expert witness disclosures, revealing that Drs. Baker, Jackson, and DeSantis, who conducted the post-discovery independent medical examinations of Plaintiff, would all be offered as experts at trial.  As with the lay witnesses discussed above, these experts were not identified until after the date established by the Court's Scheduling Order without seeking the Court's permission.  Once again, Defendant has not provided good cause for failing to list these witnesses.  In addition, Rule 26(a)(2)(C) requires expert disclosures to be filed at least 90 days before "the date set for trial or for the case to be ready for trial" if not otherwise ordered by the Court.

Intervenor-Plaintiff argues for the exclusion of Defendant's expert witnesses provided on September 8, 2009, based on Defendant's alleged non-compliance with Fed. R. Civ. P. 37(c).  Rule 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  On September 8, 2009, trial was scheduled on the Court's trailing docket for October 2009, although the trial date later was postponed to January 2010 at the final pretrial conference due to a death in the family of an attorney.  By disclosing the reports of Drs. Baker, Jackson, and DeSantis on September 8, 2009, Defendant did not file its expert disclosures at least 90 days before the date set for trial at that time as required by Fed. R. Civ. P. 26(a)(2)(C).

For the foregoing reasons, the Court GRANTS Intervenor-Plaintiff's motion to exclude Defendant's expert witnesses as a sanction for untimely disclosure under Fed. R. Civ. P. 37.

**3. Conclusion**

Accordingly, Intervenor-Plaintiff's motion to strike Defendant's untimely disclosed witnesses is GRANTED.

**M.    Intervenor-Plaintiff's Motion in Limine to Exclude Evidence of Prior Providers Other than E.S.S.I.E. [dkt 87].**

Since Plaintiff's automobile accident in 1992, she has accepted treatment from several home health aide companies for her injuries, both pre-existing and those arising out of the automobile accident.  Intervenor-Plaintiff wishes to exclude all evidence of Plaintiff's prior providers other than ESSIE, which treated Plaintiff immediately prior to Intervenor-Plaintiff, on the grounds that the evidence is irrelevant and unfairly prejudicial.  Defendant responds that it intends to use evidence of Plaintiff's prior providers to prove that Plaintiff's injuries were caused by factors other than the 1992 automobile accident, that Plaintiff has demanded medically unnecessary treatment, and that the treatment Intervenor-Plaintiff provides to Plaintiff is not reasonably necessary.

The Court finds that evidence from Plaintiff's prior healthcare providers other than ESSIE is potentially relevant.   An examination of Plaintiff's medical history is probative of whether Plaintiff's treatment is necessitated by injuries unrelated to the 1992 automobile accident and whether Intervenor-Plaintiff is charging for treatment that is not reasonably necessary.  Intervenor-Plaintiff contends that some of the evidence from Plaintiff's prior providers is unfairly prejudicial because it will be used solely to paint Plaintiff as an unsympathetic figure who is unworthy of recovery.  However, the scope of Intervenor-Plaintiff's motion in limine is too broad to exclude all evidence of Plaintiff's prior providers other than ESSIE on this basis.  Therefore, the Court DENIES Intervenor-Plaintiff's motion.  Intervenor-

24

Plaintiff may object to specific pieces of evidence at trial.

## V.  CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that:

(1) Intervenor-Plaintiff's Motion in Limine to Exclude Evidence of Rent Payments [dkt 49] is GRANTED;

(2) Intervenor-Plaintiff's Motion in Limine to Exclude References to Licensure [dkt 55] is GRANTED IN PART and DENIED IN PART;

(3) Intervenor-Plaintiff's Motion in Limine to Exclude Evidence of Criminal History [dkt 50] is GRANTED IN PART and DENIED IN PART;

(4) Intervenor-Plaintiff's Motion in Limine to Exclude Any of Defendant's Market Surveys [dkt 51] is GRANTED;

(5) Intervenor-Plaintiff's Motion in Limine to Exclude Evidence of Fraud [dkt 52] is DENIED IN PART and GRANTED IN PART;

(6) Intervenor-Plaintiff's Motion in Limine Regarding Independent Medical Examinations [dkt 53] is DENIED; and

(7) Intervenor-Plaintiff's Motion in Limine to Exclude Evidence Introduced by Defendant Contesting the Reasonableness of Healthcall's Rates [dkt 54] is DENIED.

(8) Defendant's Motion in Limine Regarding Prior Payments [dkt 67] is DENIED;

(9) Defendant's Motion in Limine to Preclude Mention of Allegations that Defendant Acted Negligently or in Bad Faith in its Claims Handling Procedures for No-Fault Benefits [dkt 68] is DENIED IN PART and GRANTED IN PART;

(10) Defendant's Motion in Limine RE: Failure to Produce Evidence [dkt 71] is DENIED;

(11) Intervenor-Plaintiff's Motion in Limine to Exclude Evidence of an Insurance Policy or Any Contract Between Intervenor-Plaintiff and Defendant [dkt 76] is GRANTED;

(12) Intervenor-Plaintiff's Motion to Strike Defendant's Untimely Disclosed Witnesses [dkt 78] is GRANTED; and

(13) Intervenor-Plaintiff's Motion in Limine to Exclude Evidence of Prior Providers Other than E.S.S.I.E. [dkt 87] is DENIED.

IT IS SO ORDERED.


S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  December 23, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 23, 2009.


S/Marie E. Verlinde
Case Manager
(810) 984-3290

26