**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KAREN DUNN,
by and through her guardian,
STEPHEN C. ALBERY,

      Plaintiff,

and

JADELLS, INC. d/b/a
HEALTHCALL OF DETROIT, INC.,

      Intervenor - Plaintiff,

v.

      Case No. 08-12831
      Hon. Lawrence P. Zatkoff

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.
_____/

**ORDER**

      This matter comes before the Court on the parties' proposed jury instructions [dkt 90, 91]. Intervenor-Plaintiff has requested that the jury be given instructions in addition to the Michigan Standard Civil Jury Instructions for no-fault benefits actions. After reviewing Intervenor-Plaintiff's brief in support of its instructions, and Defendant's objections, the Court will entertain supplementing Michigan Standard Civil Jury Instruction 35.03 with the following, or similar, language, as proposed by Intervenor-Plaintiff:

> An insurer is liable to pay insurance benefits for any accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle. The term "arising out of" does not necessitate a finding that the injury was directly and proximately caused by the use of the vehicle. For an injury to be considered "arising out of" an auto accident, almost any causal relationship will do. As a result, in addition to injuries immediately and directly

caused by the motor vehicle accident, an insurer also has a duty to pay benefits where an insured party has a pre-existing injury or condition that is worsened, aggravated, complicated, or exacerbated by the auto accident injury. In other words, if the injuries sustained in the auto accident complicate a person's pre-existing medical condition, the insurance company still has a duty to provide insurance coverage to that person under the No-Fault Act. An insurance company must also provide coverage for medical complications that later arise, if those complications are, at least in part, due to the auto accident injury.

There is no requirement that an injured person must exclude or rule out all other possible causes of her injury in order to prove that the injury arose from an auto accident. This means that the auto accident does not have to be the sole cause of the person's injuries; as long as the auto accident was a contributing cause, then recovery under the No-Fault Act is appropriate.

A service provider may charge a reasonable amount for the products, services, and accommodations rendered. The charge shall not exceed the amount the person or institution customarily charges for like products, services, and accommodations in cases not involving insurance.

A charge is customary if it is the standard amount a service provider bills on behalf of every patient treated. A no-fault insurer, such as Defendant State Farm, may not place limits on the amount it will pay to a service provider for particular services. The only factors to consider are the statutory requirements that the rate charged be reasonable and customary.

An expense can arise in the form of a product, a service, or an accommodation made to the injured person. An expense is reasonably necessary if the product, service, or accommodation is causally connected to the injured person's care, recovery, or rehabilitation.

The term "recovery" has been defined as "restoration or return to any further and better condition, especially to health from sickness, injury, addiction, etc." The term rehabilitation has been defined as "to restore or bring to a condition of good health, ability to work, or productive activity." The term "care" has been given a broader meaning than "recovery" and "rehabilitation" because it can encompass expenses for products, services, and accommodations that

are reasonably necessary due to the accident but that may not restore a person to her pre-injury state.

An expense does not need to be strictly medical in nature to be considered an allowable expense; for example, certain services are considered an allowable expense if they are causally connected to the injured person's care, recovery, or rehabilitation.

Transportation expenses incurred in connection with obtaining medical treatment or for the purpose of medical treatment are recoverable as an allowable expense.  A product, service, or accommodation that is as necessary for an uninjured person, as it is for an injured person, may still be an allowable expense depending on the particular facts and circumstances involved.  The context in which a product, service, or accommodation is used is important to consider when evaluating whether a particular charge is an allowable expense.

A health care provider may recover reasonable overhead expenses associated with providing care to an injured party.

An expense is incurred if the service was performed with a reasonable expectation of payment.

The Court will allow the parties to provide any objections not previously entertained by the Court relating to these instructions.  If the parties wish to file objections, they are HEREBY ORDERED to do so no later than Tuesday, January 19, 2010, at 10:00 a.m.

IT IS SO ORDERED.

                    S/Lawrence P. Zatkoff
                    LAWRENCE P. ZATKOFF
                    UNITED STATES DISTRICT JUDGE

Dated:  January 15, 2010

CERTIFICATE OF SERVICE

3

     The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 15, 2010.

                                                   S/Marie E. Verlinde  
                                                   Case Manager  
                                                   (810) 984-3290