**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KAREN DUNN,
by and through her guardian,
STEPHEN C. ALBERY,

       Plaintiff,

and

JADELLS, INC. d/b/a
HEALTHCALL OF DETROIT, INC.,

       Intervenor - Plaintiff,

v.

Case No. 08-12831
Hon. Lawrence P. Zatkoff

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendant.
_____/

## I. INTRODUCTION

This matter is before the Court on the parties' proposed jury instructions [dkt 90, 91]. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the reasons set forth below, Defendant's request for a jury instruction on its theory of fraud is DENIED, and Defendant's request for an adverse inference jury instruction is DENIED.

## II. DISCUSSION

**A.   FRAUD INSTRUCTION**

Defendant has listed the following as an affirmative defense: "That Intervening Plaintiff has made false statements with the intent to conceal or misrepresent material fact(s) or circumstance(s)

in connection with Intervening Plaintiff's claim under this policy and, therefore, no coverage under the policy exists for the Intervening Plaintiff." As a result, Defendant has requested the following jury instruction relating to fraud:

> Defendant State Farm claims that HealthCall defrauded it by submitting bills and invoices for services that were not performed.
>
> To establish fraud, State Farm has the burden of proving each of the following elements by clear and convincing evidence:
>
> 1. HealthCall made a statement or representation of a material fact(s);
>
> 2. That statement or representation was false when it was made;
>
> 3. HealthCall knew the statement or representation was false when it made the statement or representation, or HealthCall made it recklessly, that is, without knowing whether it was true;
>
> 4. HealthCall made the statement or representation with the intent that State Farm would rely on it;
>
> State Farm must prove each of these elements by clear and convincing evidence. This means that State Farm must do more than merely persuade you that the proposition is probably true. To be clear and convincing, the evidence must be strong enough to cause you to have a clear and firm belief that the proposition is true. The clear and convincing burden of proof is higher than the preponderance of evidence standard that will be applied to HealthCall's claim.
>
> You may use circumstantial evidence to determine whether State Farm has met the above elements by the stated burden.
>
> If you decide State Farm has failed to prove any one of these elements by clear and convincing evidence, then you must award HealthCall damages for all allowable expenses it established by a preponderance of evidence.

Intervenor Plaintiff objects to this instruction on three grounds: (1) the instruction misstates

the elements of fraud; (2) there is a lack of evidence to support giving an instruction on fraud; and (3) if the Court gives an instruction on fraud, the instruction relating to circumstantial evidence should be eliminated because it is unsupported and duplicative of the general jury instructions. The Court will address each objection in turn.

### 1. Fraud Elements

Intervenor-Plaintiff is correct that Defendant's proposed instruction misstates the law. Defendant's instruction neglects to instruct the jury on the fifth and sixth elements of fraud: (5) that HealthCall must have relied on the statement or representation, and (6) that HealthCall was damaged as a result of its reliance. *See Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336-37 (1976). Thus, the Court DENIES Defendant's request to have its instruction read to the jury.

### 2. Lack of Evidence

"A trial court may refuse to instruct the jury on an issue when there has been insufficient evidence presented to support a jury finding on that issue." *Miller's Bottled Gas, Inc. v. Borg-Warner Corp.*, 56 F.3d 726, 736 (6th Cir. 1995) (upholding a district court's decision to refuse to give a jury instruction on the defendant's theory of agency when the evidence was insufficient to establish that an agency relationship existed). *See also Jones v. Consol. Rail Corp.*, 800 F.2d 590, 593 (6th Cir. 1986) ("It is error . . . to instruct the jury on an issue when there has been insufficient evidence presented to support a jury finding on that issue.").

Here, Defendant has failed to produce evidence sufficient to support a jury finding as to fraud. Since Defendant has not reimbursed Intervenor-Plaintiff for any charges to date, Defendant cannot show that it relied on any misstatements or representations made by Intervenor-Plaintiff or that it was damaged by its reliance. It appears that it is no coincidence that Defendant's proposed

jury instruction neglects to include the elements of fraud relating to its reliance and damages caused by its reliance. The only evidence of fraud that Defendant has produced is an alleged prior act of fraud committed by Intervenor-Plaintiff in another case. However, the Court granted Intervenor-Plaintiff's motion in limine to exclude this evidence. Therefore, Defendant's request for a jury instruction on its theory of fraud is DENIED.

### 3. Circumstantial Evidence

The evidence Defendant seeks to use to establish circumstantial evidence of fraud was ruled inadmissible in the Court's order granting Intervenor-Plaintiff's motion in limine to exclude prior instances of fraudulent conduct. Thus, there is insufficient evidence to support giving this instruction. Additionally, the instruction relating to circumstantial evidence is duplicative of the Court's general jury instruction relating to the jury's ability to consider circumstantial evidence. Therefore, Defendant's requested instruction on circumstantial evidence as it relates to fraud is DENIED.

### 4. Conclusion

Accordingly, for the above reasons, Defendant's request for a jury instruction on its theory of fraud is DENIED.

**B.   ADVERSE INFERENCE INSTRUCTION**

Defendant has alleged that Intervenor-Plaintiff failed to comply with a subpoena duces tecum, and requests an adverse inference instruction for evidence that was not produced. According to Defendant, one of Intervenor-Plaintiff's witnesses was ordered pursuant to a subpoena duces tecum to deliver all documents relating to Ms. Dunn's medical file. Defendant complains that the witness did not bring the file to his April 20, 2009, deposition as directed. During the deposition,

counsel for Intervenor-Plaintiff explained that it had already sent Ms. Dunn's file to Defendant. According to Intervenor-Plaintiff, Defendant never brought up the subpoena duces tecum or the alleged failure to produce evidence until bringing a motion in limine[1] on September 10, 2009. Defendant now claims that the file is missing documents that should have been included, and asks that Michigan Standard Civil Jury Instruction 6.01(a), regarding spoilation of evidence, be read to the jury.

The standard jury instruction that Defendant wishes to have read to the jury reflects Michigan law regarding the effect of a party's failure to produce evidence. However, the Sixth Circuit has held that federal law, not state law, applies when evaluating whether a party should be sanctioned with an adverse inference instruction for failing to produce evidence. *See Adkins v. Wolever*, 554 F.3d 650, 651-53 (6th Cir. 2009) (en banc) ("[A] spoilation ruling is evidentiary in nature and federal courts generally apply their own evidentiary rules in both federal question and diversity matters."). Defendant has not replied to Intervenor-Plaintiff's objection to this instruction, nor has Defendant proposed an alternative instruction based on federal law.

Under federal law, a party seeking an adverse inference instruction based on the spoilation of evidence must show that the failure to produce the evidence was accomplished "with a culpable state of mind" and that the party having control over the evidence had an obligation to preserve it. *Forest Labs, Inc. v. Cararco Pharm. Labs., Ltd.*, No. 06-13143 U.S. Dist LEXIS 31555, *4 (E.D. Mich. Apr. 14, 2009) (citation omitted). However, Defendant makes no argument that Intervenor-Plaintiff failed to produce evidence with a culpable state of mind or that Intervenor-Plaintiff had a

---

[1] The Court denied Defendant's motion in limine, stating that it would address jury instructions at a later time.

duty to preserve the evidence allegedly missing from Ms. Dunn's file.  Thus, Defendant has not satisfied its burden to justify the imposition of an adverse inference instruction.

Furthermore, sanctions for the alleged failure to produce evidence are administered at the discretion of the Court.  *Id.*  In considering this matter, the Court finds it significant that Defendant made no attempts to pursue the allegedly missing evidence between April 20, 2009, and September 10, 2009.  Given Defendant's delay in bringing its motion, the Court does not find that sanctions should be imposed.  Therefore, Defendant's motion for an adverse inference instruction is DENIED.

### III. CONCLUSION

Accordingly, for the reasons set forth above, IT IS ORDERED that Defendant's request for a jury instruction on its theory of fraud is DENIED.

IT IS FURTHER ORDERED that Defendant's request for an adverse inference jury instruction is DENIED.

IT IS SO ORDERED.

        s/Lawrence P. Zatkoff  
        LAWRENCE P. ZATKOFF  
        UNITED STATES DISTRICT JUDGE

Dated:  January 15, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 15, 2010.

s/Marie E. Verlinde
Case Manager
(810) 984-3290
