**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KAREN DUNN,
by and through her guardian,
STEPHEN C. ALBERY,

              Plaintiff,

and

JADELLS, INC. d/b/a
HEALTHCALL OF DETROIT, INC.,

              Intervenor - Plaintiff,

                                      Case No. 08-12831
v.                               Hon. Lawrence P. Zatkoff

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

              Defendant.

_____/

**OPINION & ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 29, 2010.

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's motion for reconsideration re 113: Order

Denying State Farm's request for a jury instruction addressing its affirmative defense of fraud and

jury instruction addressing circumstantial evidence [dkt 128]. Pursuant to E.D. Mich. L.R. 7.1(g)(2),

the Court permitted Intervenor-Plaintiff to respond. Intervenor-Plaintiff timely filed its response.

The Court finds that the facts and legal arguments are adequately presented in the parties' papers

such that the decision process would not be significantly aided by oral argument. Therefore,

pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the

briefs submitted.  For the reasons set forth below, Defendant's motion for reconsideration is

DENIED.

## II.  BACKGROUND

In the Court's January 15, 2010, order [dkt 113], the Court denied Defendant's request to

have the following instruction read to the jury:

> Defendant State Farm claims that HealthCall defrauded it by submitting bills and invoices for services that were not performed.
>
> To establish fraud, State Farm has the burden of proving each of the following elements by clear and convincing evidence:
>
>> 1.   HealthCall made a statement or representation of a material fact(s);
>>
>> 2.   That statement or representation was false when it was made;
>>
>> 3.   HealthCall knew the statement or representation was false when it made the statement or representation, or HealthCall made it recklessly, that is, without knowing whether it was true;
>>
>> 4.   HealthCall made the statement or representation with the intent that State Farm would rely on it;
>
> State Farm must prove each of these elements by clear and convincing evidence.  This means that State Farm must do more than merely persuade you that the proposition is probably true.  To be clear and convincing, the evidence must be strong enough to cause you to have a clear and firm belief that the proposition is true.  The clear and convincing burden of proof is higher than the preponderance of evidence standard that will be applied to HealthCall's claim.
>
> You may use circumstantial evidence to determine whether State Farm has met the above elements by the stated burden.

> If you decide State Farm has failed to prove any one of these elements by clear and convincing evidence, then you must award HealthCall damages for all allowable expenses it established by a preponderance of evidence.

The Court denied Defendant's requested instruction because (1) it misstated the elements of fraud; (2) there was a lack of evidence to support giving an instruction on fraud; and (3) the instruction relating to circumstantial evidence was duplicative of the Court's general jury instruction relating to the jury's ability to consider circumstantial evidence.

### III. STANDARD OF REVIEW

Local Rule 7.1(g)(3) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(g)(3). The same subsection further states, "the movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997).

### IV. ANALYSIS

In its current motion, Defendant claims that the Court's order denying its requested instruction on fraud contained a palpable defect. Defendant contends that it and the Court were misled with regard to the showing necessary to establish an affirmative defense of fraud, particularly the elements that must be proven to establish the defense, the applicable burden of proof, and the jury's ability to consider circumstantial evidence.

**A.     Elements of Fraud**

3

In its brief in support of its requested instruction, Defendant stated that *"Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 247 NW2d 813, (1976) . . . delineates what State Farm must prove in order to be successful in [its fraud] defense."  Defendant cited no other cases regarding the elements of fraud.  Intervenor-Plaintiff concurred that *Hi-Way Motor* governed this issue.  In *Hi-Way Motor Co.*, the following are listed as the elements of fraud:

(1)   A party must make a material misrepresentation;

(2)   That was false;

(3)   That when the party made the material misrepresentation, he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion;

(4)   That the party made it with the intention that it be acted upon by the opposing party;

(5)   That the opposing party acted in reliance upon it; and

(6)   That the opposing party thereby suffered injury.

398 Mich. at 336.  In denying Defendant's requested instruction, the Court noted that the instruction did not include the final two elements of fraud, as listed in *Hi-Way Motor*, thus finding the instruction legally inaccurate.  Additionally, the Court found that since Defendant has not paid Intervenor-Plaintiff for any services, that it could not have relied upon any alleged misrepresentations or been damaged thereby.  For these reasons, the Court held that Defendant was not entitled to its requested instruction on fraud.

### 1. *Palpable Defect*.

Defendant now contends that the Court's prior order contains a palpable defect not because the Court misapplied the law under *Hi-Way Motor*, but because Defendant "misled" the Court regarding the correct law to be applied.  Defendant admits, without justification or explanation, that

it "mistakenly cited *Hi-Way*, *supra*, as authority for its proposed special instruction." Defendant now argues that *Hi-Way Motor* reflects the standard for proving fraud in a tort action, and that the following standard is used when fraud, also known as false swearing, is asserted as a defense in an insurance action:

    (1)      The insured made a misrepresentation;

    (2)      The misrepresentation was material;

    (3)      The misrepresentation was false;

    (4)      The claimant knew that it was false at the time it was made or that it was made recklessly, without any knowledge of its truth; and

    (5)      The claimant made the material misrepresentation with the intention that the insurer would act upon it.

*See Mina v. General Star Indemnity Co.*, 218 Mich. App. 678, 686 (1996), *rev'd in part on other grounds*, 455 Mich. 866 (1997). Under this framework, reliance and damages caused by reliance need not be proven in order to establish an affirmative defense based on fraud.

However, Defendant cites no authority to support giving its newly requested instruction on fraud, or, false swearing, under the circumstances of this case. In its current motion, Defendant only establishes that when an insured party under an insurance policy or contract submits fraudulent proof of loss, the insurer has an affirmative defense of false swearing, which allows the insurer "[t]o void [the] policy because the insured has willfully misrepresented a material fact." *Mina*, 218 Mich. App. at 686. Indeed, every case cited by Defendant regarding the elements that must be proven to establish its defense of false swearing is based on a dispute between an insured and an insurer, pursuant to a contract of insurance between the two.

In this case, there is no contract of insurance between Intervenor-Plaintiff and Defendant that can be voided.  Intervenor-Plaintiff's right to seek reimbursement from Defendant derives solely from the no-fault statute.  *See* Mich. Comp. Laws § 500.3112; *Lakeland Neurocare Ctrs. v. State Farm Mut. Auto. Ins. Co.*, 250 Mich. App. 35 (Mich. Ct. App. 2002) (stating that  Mich. Comp. Laws § 500.3112 specifically contemplates the payment of benefits to someone other than the injured person as reflected in its inclusion of the phrase "benefits are payable to or for the benefit of an injured person.").  Since Intervenor-Plaintiff's rights do not derive from a policy or contract, Defendant has failed to establish that the authority it provides for its instruction on false swearing is, in any way, applicable under the circumstances of this case.   Defendant has not cited a single case in which false swearing was used as an affirmative defense against a third party to an insurance contract, such as Intervenor-Plaintiff.  As a result, Defendant has failed to demonstrate that the Court's order denying its requested instruction on fraud contained a palpable defect by applying the wrong law.  Defendant asked the Court to apply the law set forth in *Hi-Way Motor*, and Defendant makes no argument that the Court incorrectly applied the legal standard in *Hi-Way Motor*.

### 2.  Different Disposition

The Court also finds that correcting the alleged error in its prior ruling would not result in a different disposition of the case.  Defendant avers that if the jury is given its newly requested instruction on fraud, or, false swearing, Intervenor-Plaintiff may be precluded from recovery, either in total or in part.

Defendant's authority for its newly requested instruction suggests that Defendant's goal is to completely preclude Intervenor-Plaintiff from recovering by proving that Intervenor-Plaintiff made at least one misstatement of material fact with intent to defraud.  Defendant contends that

Intervenor-Plaintiff's right to seek reimbursement from Defendant is derivative of the insured's right

to recover. Thus, Defendant suggests, any action taken by the insured that would have voided the

insurance contract would also void the contract if taken by the third party. According to Defendant,

Intervenor-Plaintiff committed acts that would have voided the underlying contract if they had been

committed by the insured, such that Intervenor-Plaintiff is precluded from recovery. However,

Defendant has provided the Court with no authority to support its contention that the acts of a third

party to an insurance contract can void the underlying contract between the insured and the insurer,

thus precluding the third party from recovering. Therefore, the Court finds that Defendant has not

adequately supported its position that Intervenor-Plaintiff may be wholly precluded from recovering

if Defendant's instruction on fraud is given to the jury.

Alternatively, Defendant likely wishes to have its fraud instruction read to the jury so that

the jury will reduce any damages award to the extent it finds that Intervenor-Plaintiff has

fraudulently billed for services that were not actually performed. However, the Court finds that this

outcome would not result in a different disposition of the case. Intervenor-Plaintiff is seeking

reimbursement under the no-fault act for expenses that are reasonable, reasonably necessary, and

incurred. If the jury finds that Intervenor-Plaintiff has billed Defendant for services that were not

performed, and that Intervenor-Plaintiff's charges were therefore not incurred, then the jury must

not award Intervenor-Plaintiff damages for such expenses. *See* Mich. Comp. Laws § 500.3107;

*Nasser v. Auto Club Ins. Ass'n*, 435 Mich. 33 (Mich. 1990). The same result occurs whether the jury

reduces Intervenor-Plaintiff's award due to fraud or due to the fact that the charges were not actually

incurred. Intervenor-Plaintiff's award would be equally reduced in both scenarios. Thus, the Court

finds that Defendant has failed to demonstrate that correcting the alleged error in the Court's prior

order by including its fraud instruction would result in a different disposition of the case by partially

precluding Intervenor-Plaintiff from recovering.

### 3. Conclusion

Therefore, Defendant's motion for reconsideration is DENIED with respect to the alleged

error in applying *Hi-Way Motor* to Defendant's requested instruction.

## B.    Burden of Proof

In its brief in support of its requested jury instruction on fraud, Defendant stated that an

affirmative defense of fraud must be proved by clear and convincing evidence, "as determined in

*Disner v. Westinghouse Elec. Corp.*, 726 F.2d 1106 (6th Cir. 1984)."  Now, Defendant argues,

without justification or explanation, that it mistakenly relied on *Disner*, and that the burden of proof

is governed by *Mina*, *supra*, which states that the affirmative defense of fraud in an insurance action

need only be proved by a preponderance of the evidence. *Mina*, 218 Mich. App. at 685.

The Court did not consider this aspect of Defendant's instruction in its prior order, and it is

not relevant to whether Defendant is entitled to its requested instruction on fraud.  Thus, this issue

has no bearing on the Court's decision with respect to Defendant's motion for reconsideration.

## C.    Circumstantial Evidence

Defendant also urges the Court to reconsider its decision to deny its requested instruction

that fraud may be proven by circumstantial evidence.  The Court declined to give this instruction

because it is duplicative of the Court's general jury instruction relating to the use of circumstantial

evidence and because the Court had ruled that Defendant's only circumstantial evidence of fraud

is inadmissible.  In its current motion, Defendant states that it has additional circumstantial evidence

of fraud that the Court did not consider, and that the Court therefore erred in its prior ruling.

8

However, Defendant does not aver that the Court committed error in excluding this instruction as duplicative of its general jury instructions.  Therefore, even if the Court were to correct the alleged error regarding the sufficiency of Defendant's circumstantial evidence, there would not be a different disposition of this case.  Defendant's instruction would still be excluded as duplicative of the Court's general jury instructions.

## V.  CONCLUSION

Accordingly, for the above reasons, Defendant's motion for reconsideration re 113: Order Denying State Farm's request for a jury instruction addressing its affirmative defense of fraud and jury instruction addressing circumstantial evidence [dkt 128] is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  January 29, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 29, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290